CLARK et al. v. BUFFALO HUMP MIN. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. May 4, 1903.)

No. 870.

1. MINES—CONVEYANCE—ACTION TO VACATE—FRAUD.

Complainants, who were owners of two mining claims which adjoined mines in active operation, owned by defendant, conveyed to C., the manager of defendant's mines, an undivided one-fifth interest in complainants' claims, in consideration of C.'s agreement to watch such claims, and, in the event that in the workings of defendant's mine ore bodies should be struck, which probably extended into such claims, to advise complainants thereof. Thereafter C., while in charge of the underground workings of defendant's mines, by drill holes and a crosscut started therein discovered valuable ore bodies extending into complainants' claims, but concealed such information, and represented to complainants that the claims were "no good" to induce complainants to convey their remaining interest to defendant, which they did. *Held* that, since part of the information received by C. which plaintiffs contracted for was acquired in his employment as defendant's superintendent, and therefore could not be rightfully imparted, complainants were not entitled to have their conveyance set aside for C.'s fraud.

Appeal from the Circuit Court of the United States for the Northern Division of the District of Idaho.

Stoll & Macdonald, for appellants.
W. B. Heyburn, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The appellants were complainants in the court below, where they brought the present suit to procure the cancellation of a deed of an undivided four-fifths interest in the Ella and Missing Link lode mining claims situated near the town of Burke, Shoshone county, Idaho, and to compel a reconveyance thereof, together with incidental relief; the suit being based upon the charge that the deed was procured from them by the defendant the Buffalo

Hump Mining Company through the fraud of its representatives, Charles Sweeney and F. R. Culbertson, of which fraudulent acts the defendant Empire State-Idaho Mining & Developing Company had knowledge at the time of its purchase from its codefendant.

It appears from the record that the Tiger and Poorman mines were very extensively worked, but separately, from the years 1885 to 1895, and that from 1887 to 1895 the complainant Patrick Clark was the general manager in charge of the Poorman mine for its then owner, the Cœur d'Alene Silver Lode Mining Company, and had sole charge of its development. During that time Patrick Clark and his co-complainants acquired title to the fractional piece of mining ground lying between the Poorman claim and the O'Neill claim, known as the Ella and Missing Link mining claims. During the same time the owner of the Poorman mine also owned an interest in the O'Neill claim, and Patrick Clark, in the course of his operation of the Poorman mine, ran several drifts from the Poorman through the Ella and Missing Link claims into the O'Neill claim, one of which was on the 1,200-foot level of the Poorman mine. From about the year 1895 the Tiger and Poorman claims were operated together under the ownership of the Tiger & Poorman Consolidated Mining Company, the grantor of the defendant the Buffalo Hump Mining Company, under the superintendency of F. R. Culbertson, and have since been worked by the defendants in turn.

The case shows that the Tiger mine lies on the mountain to the west of Canyon creek, immediately to the east of which is the Poorman mine, embracing within its limits the bed of that creek, and extending about 500 feet further up the mountain. The Ella claim joins the Poorman on the east, and the Missing Link joins the Ella on the east, both of which latter claims are located on the mountain, more than 1,200 feet above the level of Canyon creek. In their bill the complainants allege that during the summer and fall of the year 1899 the defendant the Buffalo Hump Mining Company was mining the Tiger and Poorman mines extensively, and had a combination shaft therein, called the "Combination Tiger and Poorman Shaft," which began at about the level of Canyon creek, and extended down a distance of 1,600 feet below the surface of the ground; and that "the said defendant the Buffalo Hump Mining Company was entitled to the exclusive possession of all the workings within the said Tiger and Poorman mines, and no other persons than the owner, or those authorized by it, were entitled to have access to or gain access to the workings therein, or to any information concerning such workings, or the condition or value or extent of the ore reserves therein, or in any part thereof." The case shows that at that time Sweeney was the general manager and Culbertson the superintendent of the defendant the Buffalo Hump Mining Company in its mining operations here spoken of. Yet in their bill the complainants themselves allege:

"That about the 6th day of February, 1896, your orators had agreed to convey, and by conveyances duly executed between the 6th day of February, 1896, and the 25th day of August, 1899, had conveyed, to said F. R. Culbert-

son an undivided one-fifth interest in and to the Ella lode mining claim, and an undivided one-fifth interest in and to the Missing Link lode mining claim hereinbefore described, under the circumstances and for the consideration following, to wit: The said F. R. Culbertson, in the year 1896, assumed the management of the Consolidated Tiger & Poorman Mining Company, and had access to the underground workings of the mines belonging to said company; and your orators had no authority to enter into the underground workings of the property belonging to said Consolidated Tiger & Poorman Mining Company, and it was agreed by and between your orators and the said F. R. Culbertson that they would convey to the said F. R. Culbertson the said undivided one-fifth interest in the Ella and Missing Link lode mining claims for the sole purpose of compensating the said F. R. Culbertson for his services in watching the said mining claims; and, in the event that in the workings of the Poorman mine any ore body should be struck so near the Ella mine as to be probable that the same extended into and through the Ella, an interest in which was so conveyed to the said F. R. Culbertson, that he should advise your orators of that fact; and that there was no other or further consideration for the consideration so executed by your orators to the said F. R. Culbertson; and the said F. R. Culbertson accepted such conveyances as his compensation therefor—which arrangement and understanding was well known to the defendant the Buffalo Hump Mining Company at all the times herein mentioned."

There is nothing in the evidence in the case tending to show that the defendant the Buffalo Hump Mining Company ever had any knowledge of any such agreement or arrangement. The fraud complained of by the complainants is in short, that Sweeney, the general manager, and Culbertson, the superintendent, of the Buffalo Hump Mining Company, while in charge of the underground workings of the Tiger-Poorman mine, by means of diamond drill holes and a cross-cut started in the ground owned by the defendant the Buffalo Hump Mining Company, but extended into the Ella and Missing Link claims, discovered valuable ore bodies in those fractional claims belonging to the complainants, and then entered into a conspiracy to obtain for the defendants the complainants' interest in the Ella and Missing Link claims by concealing from them the information so obtained, and by falsely representing to them that the claims were "no good," and that Culbertson had sold his interest therein to the defendants for $500.

Part of the information, at least, so obtained by Culbertson, was obtained in his legitimate employment by the defendant the Buffalo Hump Company. To that the complainants were neither legally nor morally entitled. Yet they themselves allege that for an undivided one-fifth interest in the Ella and Missing Link claims, which they conveyed to him, Culbertson agreed to give to them information concerning the developments in his employers' mine bearing upon the prospective value of their own. To that information the complainants were not entitled. It belonged exclusively to the defendant the Buffalo Hump Mining Company. The withholding from the complainants by Culbertson of such information constitutes a part of the grievances of which the complainants complain. To what extent, it is not important to inquire. Such being the case, the court below properly refused them relief, regardless of the grounds upon which its judgment was based. A court of equity will not undertake

to balance frauds between complainants and defendants, but shuts its doors against those who come without clean hands asking its aid.

The judgment is affirmed.